UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

LONNIE EARLE WATKINS                    CHAPTER 13
TAMMY MARIE WATKINS                     CASE NO.: 18-40817
DEBTOR(S)                               JUDGE: BEM

### NOTICE OF FILING OF MODIFICATION OF CONFIRMED PLAN, DEADLINE FOR FILING WRITTEN OBJECTIONS AND HEARING DATE AND TIME IF OBJECTION IS TIMELY FILED

**To: Creditors and Other Parties in Interest**

PLEASE TAKE NOTICE that Debtor(s) have filed a proposed modification to the confirmed plan in this case, a copy of which modification you are receiving with this Notice or have recently received by mail. Pursuant to Rule 3015(g) of the Federal Rules of Bankruptcy Procedure, any creditor or other party in interest opposing this proposed Modification must file that objection in writing with the Court on or before the following deadline.

DEADLINE FOR FILING OBJECTION: Twenty-four (24) days after the date on which this proposed Modification was filed. The proposed modification was filed on **August 28th, 2019**. If the twenty-third day after the date of filing falls on a week-end or holiday, the deadline is extended to the next business day.

PLACE OF FILING:          Clerk United States Bankruptcy Court
                          Room 339. Federal Building
                          600 East First Street
                          Rome, GA 30161-3187

If you mail on objection to the Court for filing, you must mail it early enough so the Court will receive it or before the date stated above. You must also serve a copy on the undersigned at the address stated below and on the Debtor(s) at:

| | |
|---|---|
| Mr. Lonnie E. Watkins<br>Mrs. Tammy M. Watkins<br>1311 Felice Street<br>Dalton, GA 30720 | Chris Rampley<br>Attorney at Law<br>P.O. Box 927<br>Rome, GA 30162 |

PLEASE TAKE FURTHER NOTICE that if an objection to the proposed Modification is timely filed, the Court will hold a hearing on the Modification on **October 2nd, 2019 at 9:50 A.M.**. in Courtroom 342, The Federal Building, 600 East First Street, Rome. GA.

**If no objection is timely filed, the Court may approve the proposed modification without further notice or hearing.**

This the ___28th___ day of _August, 2019._

/s/ Chris Rampley
Chris Rampley
State Bar No. 593225
P.O. Box 927
Rome GA 30162
Phone: (706) 291-7060

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

**LONNIE EARLE WATKINS
TAMMY MARIE WATKINS
DEBTOR(S)**

**CHAPTER 13
CASE NO.: 18-40817
JUDGE: BEM**

**SECOND AMENDED
CHAPTER 13 PLAN
COVER SHEET**

1. **Amended to indicate that the step provision shall begin January 2020.**
2. **Amended to indicate that the payments to J&D Auto Sales shall be $75.00 increasing to $330.00 Beginning January 2020 increasing to $530.00 beginning November 2020.**
3. **Amended to indicate that the attorney's fees shall be paid $155.00 increasing to $200.00 in January 2020.**

This the ___28th___ day of _August, 2019._

_/s/ Chris Rampley_
Chris Rampley
Attorney for Debtor(s)
Georgia Bar: 593225
P.O. Box 927
Rome, GA 30162
Phone: (706) 291-7060
Fax:    (706) 291-9743

| Debtor 1 | **Lonnie Earle Watkins** | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | **Tammy Marie Watkins** | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the **NORTHERN DISTRICT OF GEORGIA**

Case number:   18-40817-BEM

(If known)

☒ Check if this is an amended plan, and list below the sections of the plan that have been changed. Amendments to sections not listed below will be ineffective even if set out later in this amended plan.

2.1, 3.3, 4.3

## Chapter 13 Plan

**NOTE:** The United States Bankruptcy Court for the Northern District of Georgia adopted this form plan for use in Chapter 13 cases in the District pursuant to Federal Rule of Bankruptcy Procedure 3015.1. See Order Requiring Local Form for Chapter 13 Plans and Establishing Related Procedures, General Order No. 21-2017, available in the Clerk's Office and on the Bankruptcy Court's website, ganb.uscourts.gov. As used in this plan, "Chapter 13 General Order" means General Order No. 21-2017 as it may from time to time be amended or superseded.

### Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the United States Bankruptcy Code, local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

*Check if applicable.*

☐ **The plan provides for the payment of a domestic support obligation (as defined in 11 U.S.C. § 101(14A)), set out in § 4.4.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless the Bankruptcy Court orders otherwise. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

To receive payments under this plan, you must have an allowed claim. If you file a timely proof of claim, your claim is deemed allowed unless a party in interest objects. See 11 U.S.C. § 502(a).

**The amounts listed for claims in this plan are estimates by the debtor(s). An allowed proof of claim will be controlling, unless the Bankruptcy Court orders otherwise.**

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included," if both boxes are checked, or if no box is checked, the provision will be ineffective even if set out later in the plan.*

| § 1.1 | A limit on the amount of a secured claim, that may result in a partial payment or no payment at all to the secured creditor, set out in § 3.2 | ☐ Included | ☒ Not Included |
|---|---|---|---|
| § 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4 | ☒ Included | ☐ Not Included |
| § 1.3 | Nonstandard provisions, set out in Part 8. | ☒ Included | ☐ Not Included |

### Plan Payments and Length of Plan; Disbursement of Funds by Trustee to Holders of Allowed Claims

**§ 2.1**   **Regular Payments to the trustee; applicable commitment period.**

U.S. Bankruptcy Court, N.D. Ga. Chapter 13 Plan Form (December 2017)

| Debtor | **Lonnie Earle Watkins** | Case number | 18-40817-BEM |
|--------|--------------------------|-------------|--------------|
|        | **Tammy Marie Watkins**  |             |              |

The applicable commitment period for the debtor(s) as set forth in 11 U.S.C. § 1325(b)(4) is:

*Check one:*    ☐ 36 months    ☒ 60 months

Debtor(s) will make regular payments ("Regular Payments") to the trustee as follows:

The debtor(s) will pay **$250.00** per **Month** for the applicable commitment period. If the applicable commitment period is 36 months, additional Regular Payments will be made to the extent necessary to make the payments to creditors specified in this plan, not to exceed 60 months unless the Bankruptcy Court orders otherwise. If all allowed claims treated in § 5.1 of this plan are paid in full prior to the expiration of the applicable commitment period, no further Regular Payments will be made.

*Check if applicable.*

☒ The amount of the Regular Payment will change as follows *(If this box is not checked, the rest of § 2.1 need not be completed or reproduced. Insert additional lines as needed for more changes.)*:

| Beginning on *(insert date)*: | The Regular Payment amount will change to *(insert amount)*: | For the following reason *(insert reason for change)*: |
|-------------------------------|-------------------------------------------------------------|--------------------------------------------------------|
| **January 2020** | **$580.00** per **Month** | **Step Increase for end of RTO** |
|  |  |  |

## § 2.2    Regular Payments; method of payment.

Regular Payments to the trustee will be made from future income in the following manner:

*Check all that apply:*

☒    Debtor(s) will make payments pursuant to a payroll deduction order. If a deduction does not occur, the debtor(s) will pay to the trustee the amount that should have been deducted.

☐    Debtor(s) will make payments directly to the trustee.

☐    Other (specify method of payment):

## § 2.3    Income tax refunds.

*Check one.*

☒    Debtor(s) will retain any income tax refunds received during the pendency of the case.

☐    Debtor(s) will (1) supply the trustee with a copy of each income tax return filed during the pendency of the case within 30 days of filing the return and (2) turn over to the trustee, within 30 days of the receipt of any income tax refund during the applicable commitment period for tax years _____, the amount by which the total of all of the income tax refunds received for each year exceeds $2,000 ("Tax Refunds"), unless the Bankruptcy Court orders otherwise. If debtor's spouse is not a debtor in this case, "tax refunds received" means those attributable to the debtor.

☐    Debtor(s) will treat tax refunds ("Tax Refunds") as follows:

## § 2.4    Additional Payments.

*Check one.*

☒    **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

## § 2.5    [Intentionally omitted.]

## § 2.6    Disbursement of funds by trustee to holders of allowed claims.

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

| Debtor | Lonnie Earle Watkins | Case number | 18-40817-BEM |
| | Tammy Marie Watkins | | |

(a) **Disbursements before confirmation of plan.** The trustee will make preconfirmation adequate protection payments to holders of allowed claims as set forth in §§ 3.2 and 3.3.

(b) **Disbursements after confirmation of plan.** Upon confirmation, after payment of the trustee's statutory fee, the trustee will disburse Regular Payments, Additional Payments, and Tax Refunds that are available for disbursement to make payments to holders of allowed claims as follows:

(1) **First disbursement after confirmation of Regular Payments.** In the first disbursement after confirmation, the trustee will disburse all available funds from Regular Payments in the following order:

(A) To pay any unpaid preconfirmation adequate protection payments required by 11 U.S.C. § 1326(a)(1)(C) as set forth in § 3.2, § 3.3, and orders of the Bankruptcy Court;

(B) To pay fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3;

(C) To make payments pro rata based on the monthly payment amount: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on domestic support obligations as set forth in § 4.4; on the arrearage claims on nonpriority unsecured claims as set forth in § 5.2; and on executory contracts and unexpired leases as set forth in § 6.1; and

(D) To pay claims in the order set forth in § 2.6(b)(3).

(2) **Second and subsequent disbursement after confirmation of Regular Payments.** In the second disbursement after confirmation, and each month thereafter, the trustee will disburse all available funds from Regular Payments in the order below. All available Regular Payments will be distributed to the claims in each paragraph until such claims are paid in full.

(A) To make concurrent monthly payments, including any amount past due under this plan: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3; on domestic support obligations as set forth in § 4.4; on the arrearage claims on both nonpriority unsecured claims as set forth in § 5.2 and executory contracts and unexpired leases as set forth in § 6.1;

(B) To make pro rata payments on administrative expenses allowed under 11 U.S.C. § 503(b) other than the trustee's fee and the debtor's attorney's fees, expenses, and costs; and

(C) To pay claims in the order set forth in § 2.6(b)(3).

(3) **Disbursement of Additional Payments and Tax Refunds.** The trustee will disburse the Additional Payments and Tax Refunds in the following order:

(A) To pay fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3;

(B) To make pro rata payments on administrative expenses allowed under 11 U.S.C. § 503(b) other than the trustee's fee and the debtor's attorney's fees, expenses, and costs;

(C) To make payments pro rata based on the monthly payment amount: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on domestic support obligations as set forth in § 4.4; on the arrearage claims on both nonpriority unsecured claims as set forth in § 5.2 and executory contracts and unexpired leases as set forth in § 6.1;

(D) To pay other Allowed Secured Claims as set forth in § 3.6;

(E) To pay allowed claims entitled to priority under 11 U.S.C. § 507, other than administrative expenses and domestic support obligations; and

(F) To pay nonpriority unsecured claims not otherwise classified as set forth in § 5.1 ("Unclassified Claims") and to pay nonpriority unsecured claims separately classified as set forth in § 5.3 ("Classified Claims"). The trustee will estimate the total amounts to be disbursed during the plan term (1) to pay Unclassified Claims and (2) to pay Classified Claims. Funds available for disbursement on these claims will be allocated pro rata to each class, and the funds available for disbursement for each class will be paid pro rata to the creditors in the class.

(4) Unless the debtor(s) timely advise(s) the trustee in writing, the trustee may treat and disburse any payments received from the debtor(s) as Regular Payments.

## Treatment of Secured Claims

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

| Debtor | **Lonnie Earle Watkins** | Case number | 18-40817-BEM |
|---|---|---|---|
| | **Tammy Marie Watkins** | | |

## § 3.1   Maintenance of payments and cure of default, if any.

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

## § 3.2   Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.

*Check all that apply.*

☒ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

## § 3.3   Secured claims excluded from 11 U.S.C. § 506.

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
☒ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee.

The trustee will make monthly preconfirmation adequate protection payments that 11 U.S.C. § 1326(a)(1)(C) requires to the creditor in the amount set out in the column headed *Monthly preconfirmation adequate protection payment.*

The holder of any claim listed below will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth below, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of Creditor | Collateral | Purchase date | Estimated amount of claim | Interest rate | Monthly preconfirmation adequate protection payment | Monthly postconfirmation payment to creditor by trustee |
|---|---|---|---|---|---|---|
| J&D Auto Sales | 2007 Nissan Frontier 158,800 miles | November 2016 | $8,000.00 | 4.50% | $75.00 | $75.00 increasing to $330.00 beginning January 2020 increasing to $530.00 beginning November 2020 |

## § 3.4   Lien avoidance.

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*
*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

☒ The judicial liens and/or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C. § 522(b). Unless the Bankruptcy Court orders otherwise, a judicial lien or

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                          Best Case Bankruptcy

| Debtor | **Lonnie Earle Watkins** | Case number | 18-40817-BEM |
|---|---|---|---|
|  | **Tammy Marie Watkins** |  |  |

security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the claim secured by the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 to the extent allowed. The amount, if any, of the claim secured by the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan to the extent allowed. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). *If more than one lien is to be avoided, provide the information separately for each lien.*

| Information regarding judicial lien or security interest | Calculation of lien avoidance | | Treatment of remaining secured claim |
|---|---|---|---|
| | | S  **2,500.00** | **Amount of secured claim after avoidance (line a minus line f)** |
| **Name of creditor**<br>**Dalton Anesthesia**<br>**Associates** | a. Amount of lien | | |
| | b. Amount of all other liens | S  **8,000.00** | S _____ |
| | c. Value of claimed exemptions | S  **20,633.00** | |
| **Collateral**<br>**Judgment Lien** | d. Total of adding lines a, b, and c | S  **31,133.00** | **Interest rate (if applicable)**<br>_____ % |
| | e. Value of debtor's interest in property      - | S  **28,633.00** | |
| **Lien identification (such as judgment date, date of lien recording)** | | | |
| **Judgment Lien** | f. Subtract line e from line d. | S  **2500.00** | **Monthly payment on secured claim** |
| _____ | | | S _____ |
| | Extent of exemption impairment<br>*(Check applicable box)*<br>☒ **Line f is equal to or greater than line a.**<br>The entire lien is avoided *(Do not complete the next column)*<br><br>☐ **Line f is less than line a.**<br>A portion of the lien is avoided. *(Complete the next column)* | | |

## § 3.5   Surrender of collateral.

*Check one.*

☒   **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

## § 3.6   Other Allowed Secured Claims.

A proof of claim that is filed and allowed as a secured claim, but is not treated as a secured claim in this plan, shall be paid with interest at the rate of ___ **4.50** ___%. Payments will commence as set forth in § 2.6. Notwithstanding the foregoing, the debtor(s), and any other party in interest, may: object to allowance of the claim; request that the Bankruptcy Court determine the value of the secured claim if modification of the claim is permissible and if 11 U.S.C. § 506 is applicable; or request that the Bankruptcy Court avoid the creditor's lien pursuant to 11 U.S.C. § 522(f), if applicable.

If the Bankruptcy Court determines the value of the secured claim, the portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan.

The holder of the claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                              Best Case Bankruptcy

| Debtor | **Lonnie Earle Watkins** | Case number | 18-40817-BEM |
|---|---|---|---|
| | **Tammy Marie Watkins** | | |

(b) payment of the amount of the secured claim, with interest at the rate set forth above, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

---

## ▮ Treatment of Fees and Priority Claims

### § 4.1    General.

Trustee's fees and all allowed priority claims will be paid in full without postpetition interest. An allowed priority claim will be paid in full regardless of whether it is listed in § 4.4.

### § 4.2    Trustee's fees.

Trustee's fees are governed by statute and may change during the course of the case.

### § 4.3    Attorney's fees.

(a) The unpaid fees, expenses, and costs owed to the attorney for the debtor(s) in connection with legal representation in this case are S   3,975.00   . The allowance and payment of the fees, expenses and costs of the attorney for the debtor(s) are governed by General Order 22-2017 ("Chapter 13 Attorney's Fees Order"), as it may be amended.

(b) Upon confirmation of the plan, the unpaid amount shall be allowed as an administrative expense under 11 U.S.C. § 503(b) to the extent set forth in the Chapter 13 Attorney's Fees Order.

(c) The Bankruptcy Court may allow additional fees, expenses, and costs to the attorney for debtor(s) in excess of the amount shown in § 4.3(a) above upon application of the attorney in compliance with the Chapter 13 Attorney's Fees Order and after notice and a hearing.

(d) From the first disbursement after confirmation, the attorney will receive payment under § 2.6(b)(1) up to the allowed amount set forth in § 4.3(a).

(e) The unpaid balance and any additional amounts allowed under § 4.3(c) will be payable (1) at S   155.00   per month increasing to $200.00 in January 2020   from Regular Payments and (2) from Tax Refunds or Additional Payments, as set forth in § 2.6, until all allowed amounts are paid in full.

(f) If the case is converted to Chapter 7 before confirmation of the plan, the debtor(s) direct(s) the trustee to pay to the attorney for the debtor(s) the amount of S   2,000.00   , not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the stated amount or the maximum amount to the attorney, whichever is less.

(g) If the case is dismissed before confirmation of the plan, fees, expenses, and costs of the attorney for the debtor(s) in the amount of S   2,000.00   , not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits, will be allowed to the extent set forth in the Chapter 13 Attorney's Fees Order. The attorney may file an application for fees, expenses, and costs in excess of the maximum amount within 10 days from entry of the order of dismissal. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the allowed amount to the attorney.

(h) If the case is converted to Chapter 7 after confirmation of the plan, the debtor(s) direct(s) the trustee to deliver to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

(i) If the case is dismissed after confirmation of the plan, the trustee will pay to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

### § 4.4    Priority claims other than attorney's fees.

☐    **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

(a) *Check one.*

☒    The debtor(s) has/have no domestic support obligations. *If this box is checked, the rest of § 4.4(a) need not be completed or reproduced.*

(b) The debtor(s) has/have priority claims other than attorney's fees and domestic support obligations as set forth below:

| Debtor | Lonnie Earle Watkins | Case number | 18-40817-BEM |
| | Tammy Marie Watkins | | |

| Name of creditor | Estimated amount of claim |
|---|---|
| Georgia Department of Revenue | $1,300.00 |
| Internal Revenue Service | $6,700.00 |

## Treatment of Nonpriority Unsecured Claims

**§ 5.1    Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata, as set forth in § 2.6. Holders of these claims will receive:

*Check one.*

☒ A pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ A pro rata portion of the larger of (1) the sum of $_____ and (2) the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ The larger of (1) _____% of the allowed amount of the claim and (2) a pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ 100% of the total amount of these claims.

Unless the plan provides to pay 100% of these claims, the actual amount that a holder receives will depend on (1) the amount of claims filed and allowed and (2) the amounts necessary to pay secured claims under Part 3 and trustee's fees, costs, and expenses of the attorney for the debtor(s), and other priority claims under Part 4.

**§ 5.2    Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**§ 5.3    Other separately classified nonpriority unsecured claims.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## Executory Contracts and Unexpired Leases

**§ 6.1    The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

☒ **Assumed items.** Current installment payments will be disbursed directly by the debtor(s). Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor: | Description of leased property or executory contract | Estimated amount of arrearage | Monthly postconfirmation payment to cure arrearage |
|---|---|---|---|
| Aarons Sales | Rent to Own | $0.00 | $0.00 |

## Vesting of Property of the Estate

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                                                          Best Case Bankruptcy

| Debtor | **Lonnie Earle Watkins** | Case number | 18-40817-BEM |
|--------|--------------------------|-------------|--------------|
|        | **Tammy Marie Watkins**  |             |              |

§ 7.1   Unless the Bankruptcy Court orders otherwise, property of the estate shall not vest in the debtor(s) on confirmation but will vest in the debtor(s) only upon: (1) discharge of the debtor(s); (2) dismissal of the case; or (3) closing of the case without a discharge upon the completion of payments by the debtor(s).

## ▮▮ Nonstandard Plan Provisions

§ 8.1   **Check "None" or List Nonstandard Plan Provisions.**

☐   **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this N.D. Ga. Chapter 13 Plan Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

*The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3. (Insert additional lines if needed.)*

**The Rent to Own Contract for tires and wheels with Rent-A-Wheel is hereby rejected.**

## ▮▮ Signatures:

§ 9.1   **Signatures of Debtor(s) and Attorney for Debtor(s).**

*The debtor(s) must sign below. The attorney for the debtor(s), if any, must sign below.*

X  *(signature)*

**Lonnie Earle Watkins**
Signature of debtor 1 executed on   8/23/19

**1311 Felice St.**
**Dalton, GA 30720**

X  **/s/ Chris Rampley**
**Chris Rampley 593225**
Signature of attorney for debtor(s)

**Chris Rampley, LLC**

X  *(signature)*

**Tammy Marie Watkins**
Signature of debtor 2 executed on   8/23/19

**1311 Felice St.**
**Dalton, GA 30720**

Date:   8/29/19

**P.O. Box 927**
**Rome, GA 30162**

By filing this document, the debtor(s), if not represented by an attorney, or the attorney for debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Local Form for Chapter 13 Plans that the Bankruptcy Court for the Northern District of Georgia has prescribed, other than any nonstandard provisions included in Part 8.

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                      Best Case Bankruptcy

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

**LONNIE EARLE WATKINS**                    **CHAPTER 13**
**TAMMY MARIE WATKINS**                      **CASE NO.: 18-40817**
**DEBTOR(S)**                                **JUDGE: BEM**

**CERTIFICATE OF SERVICE**
        I certify that I have this date served the following parties with a copy of the within
proposed <u>Notice Of Filing Of Modification Of Confirmed Plan, Deadline For Filing Written
Objections And Hearing Date And Time If Objection Is Timely Filed</u> by placing a true
copy of same in the United States Mail with adequate postage affixed to insure delivery,
addressed to:

ALL PARTIES AND CREDITORS ON THE ATTACHED MATRIX

This the __28th__ day of <u>August, 2019.</u>

  _s\ Chris Rampley_
CHRIS RAMPLEY
Attorney for Debtor(s)
GA Bar No.: 593225
P.O. Box 927
Rome, GA 30162
Phone: (706) 291-7060
Fax: (706) 291-9743

Label Matrix for local noticing
113E-4
Case 18-40817-bem
Northern District of Georgia
Rome
Wed Aug 28 14:08:50 EDT 2019

Aarons Sales
1100 E Walnut Ave Suite 23
Dalton, GA 30721-4185

Advance Cash
486 Bell Rd Ste A
Nashville, TN 37217-3837

Advanced Finance
5611 Ringgold Rd
Ste 80
Chattanooga TN 37412-3143

Alcoa Billing
Po Box 740023
Cincinnati, OH 45274-0023

Aspen Dental
Po Box 578
Albany, NY 12201

B Lynn Perry
Po Box 545
Cleveland, TN 37364-0545

Sonya M. Buckley
Office of Mary Ida Townson
Suite 1600
285 Peachtree Center Ave, NE
Atlanta, GA 30303-1229

(p)CREDIT ACCEPTANCE CORPORATION
25505 WEST 12 MILE ROAD
SOUTHFIELD MI 48034-8316

Caldwell Banker Kinard Realty
704 S Thornton Ave
Dalton, GA 30720-8406

Capital Asset Recovery
P. O. Box 192585
Dallas, TX 75219-8523

Charter Communications
Po Box 742615
Cincinnati, OH 45274-2615

Compass Laboratory
1910 Nonconnah Blvd
Memphis, TN 38132-2113

Computer Credit Inc
470 W Hanes Mill Rd
Winston Salem, NC 27105-9102

Convergent Outsourcing, Inc
Po Box 9004
Renton, WA 98057-9004

Credit Control LLC
5757 Phantom Dr Suite 330
Hazelwood, MO 63042-2429

Dalton Anesthesia Associates
1200 Memorial Drive
Dalton, GA 30720-2529

Dalton Diagnostics
1502 N Thornton Ave
Dalton, GA 30720-3064

Dalton Smith Finance
2514 E Walnut Ave Ste 11
Dalton, GA 30721-8785

Emergency Coverage Corporation
PO Box 1123
Minneapolis, MN 55440-1123

(p)GEORGIA DEPARTMENT OF REVENUE
COMPLIANCE DIVISION
ARCS BANKRUPTCY
1800 CENTURY BLVD NE SUITE 9100
ATLANTA GA 30345-3202

HAMILTON MEDICAL CENTER INC
C/O NATIONWIDE RECOVERY SERVICE
P.O. BOX 8005
CLEVELAND, TN 37320-8005

HRRG
Po Box 8486
Pompano Beach, FL 33075-8486

Hamilton Medical Center
PO Box 545
Cleveland, TN 37364-0545

Internal Revenue Service
401 W Peachtree St NW
Atlanta, GA 30308-3510

J&D Auto Sales
2208 S Dixie Hwy
Dalton GA 30720-7508

J&D Auto Sales
2208 South 41 Hwy
Dalton, GA 30721

N Ga Regional Collections
224 N Hamilton St
Dalton, GA 30720-4214

NGRCA
P O BOX 1949
DALTON GA 30722-1949

Nation Wide Recovery Service
Po Box 8005
Cleveland, TN 37320-8005

Natiowide Recovery Service
Attn: Bankruptcy
Po Box 8005
Cleveland, TN 37320-8005

North Ga Radiology PA
PO Box 2546
Dalton, GA 30722-2546

North Ga Urology Inc
1434 Broadrick Drive
Dalton, GA 30720-3009


Online Collections
Po Box 1489
Winterville, NC 28590-1489

Chris Rampley
Chris Rampley, LLC
P O Box 927
Rome, GA 30162-0927

Rent A Wheel
805 S. Thornton Ave
Dalton, GA 30720-7868


K. Edward Safir
Mary Ida Townson
Suite 1600
285 Peachtree Center Ave, NE
Atlanta, GA 30303-1229

Sunrise Acceptance/ Easy Auto Credit
1800 Mount Vernon Dr Nw
Cleveland, TN 37311-3500

(p)T MOBILE
C O AMERICAN INFOSOURCE LP
4515 N SANTA FE AVE
OKLAHOMA CITY OK 73118-7901


T and G Enterprises
285 Kraft Drive
Dalton, GA 30721-1502

Mary Ida Townson
Chapter 13 Trustee
Suite 1600
285 Peachtree Center Ave, NE
Atlanta, GA 30303-1229

U. S. Attorney
600 Richard B. Russell Bldg.
75 Ted Turner Drive, SW
Atlanta GA 30303-3315


United States Postal Service
100 S Thorton Ave
Dalton, GA 30720-8232

Wakefield & Associates
Attn: Bankruptcy
Po Box 441590
Aurora, CO 80044-1590

Wakefield and Associates
Po Box 50250
Knoxville, TN 37950-0250


Lonnie Earle Watkins
1311 Felice St.
Dalton, GA 30720-8326

Tammy Marie Watkins
1311 Felice St.
Dalton, GA 30720-8326

Willis Funeral Home
2011 Martin Luther King Jr Blv
Dalton, GA 30721-6609


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


CREDIT ACCEPTANCE
25505 WEST 12 MILE ROAD
SOUTHFIELD , MI 48034

Georgia Department of Revenue
1800 Century Blvd NE
Suite 9100
Atlanta, GA 30345-3205

T Mobile
Po Box 37380
Albuquerque, NM 87176


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(d)Capital Asset Recovery
P.O. Box 192585
Dallas, TX 75219-8523

End of Label Matrix
Mailable recipients    47
Bypassed recipients     1
Total                  48